**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00558-MSK

CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization,
THE HUMANE SOCIETY OF THE UNITED STATES, a non-profit organization, and
WILDEARTH GUARDIANS, a non-profit organization,

    Petitioners,

v.

NOREEN WALSH, in her official capacity as Regional Director of the Mountain-Prairie Region of the U.S. Fish and Wildlife Service,
DAVID BERNHARDT, in his official capacity as the Secretary of the U.S. Department of the Interior,
MARGARET EVERSON, in her official capacity as the Acting Director of the U.S. Fish and Wildlife Service,
THE U.S. FISH AND WILDLIFE SERVICE, a federal agency, and
THE U.S. DEPARTMENT OF THE INTERIOR,

    Respondents.

## SUGGESTION OF PARTIAL MOOTNESS

Petitioners have challenged the United States Fish and Wildlife Service's ("FWS") compliance with the National Environmental Policy Act ("NEPA") in connection with federal funding for two research projects by Colorado of Parks and Wildlife ("CPW").

Petitioners claimed that they were injured by the FWS funding decision because the CPW studies would temporarily reduce predator populations in two areas, thereby "decreasing the likelihood that they will see the targeted animals in the future." ECF No. 28 at 17.

CPW has recently completed the predator reduction phase of one of the two projects. No additional predator removal will occur for the remainder of that project. This development moots Petitioners' challenge to FWS's decision to provide federal funds for that project.

**BACKGROUND**

In 2016, Colorado Parks and Wildlife requested approval from FWS to use federal funds for two separate research projects evaluating mule deer response to predator reduction. Under one of the research projects, CPW would temporarily reduce the number of black bears and mountain lions in an area of the Piceance Basin in northwestern Colorado; under the other project, CPW would temporarily reduce the number of mountain lions in an area on the Arkansas River near Leadville. AR_2797, 2808.

The CPW study plans for both projects were included with the draft environmental assessment ("EA") released for public comment in October 2016. *See* AR_1730; AR_1735 at 1767-75, 2000-2031. FWS considered the environmental impacts of the CPW plans and issued a finding of no significant impact ("FONSI") in February 2017. AR_3712, 3719. FWS then approved funding for the projects.

The Piceance study began in 2017 and was scheduled to run for three years. AR_ 2801-02. As set forth in the study plans attached to the EA and in the FONSI, CPW would remove up to 15 mountain lions and up to 25 black bears between May 1 and June 30 each year for three years. *See* AR_2802; AR_3717. The predator reduction phase of the project was scheduled to be completed on June 30, 2019. AR_2802.

CPW has completed the predator reduction phase of the Piceance study. *See* Exhibit 1 (July 19, 2019 email from Chuck Anderson to Judson Spicer).[1] As CPW's Mammals Research Leader has informed FWS: "No additional predator (i.e., black bear, cougar) removals will occur for the remainder of the study." *Id*. All that remains is data collection and analyses. *Id*.

---

[1] A declaration from FWS Wildlife Biologist Judson Spicer is attached hereto as Exhibit 2.

## ARGUMENT

CPW's completion of the predator reduction phase of the Piceance study moots Petitioners' NEPA challenge to FWS's decision to provide funding for that project.

"Ordinarily, a NEPA claim no longer presents a live controversy when the proposed action has been completed and when no effective relief is available." *Caddo Nation* v. *Wichita & Affiliated Tribes*, 877 F.3d 1171, 1176 (10th Cir. 2017) (NEPA challenge to construction is moot after construction has been completed). Although CPW may continue to draw down federal funds for the Piceance study, *see* Judson Decl. ¶ 8, the proposed action that Petitioners claimed would cause them injury in that study has been completed, and no effective relief for the alleged NEPA violation is now available.

Petitioners claimed that they would be injured by CPW's temporary reduction in the number of black bears and mountain lions in the Piceance study area because it would allegedly "decreas[e] the likelihood that they will see the targeted animals in the future" and cause "environmental harm." ECF No. 28 at 16-17. CPW's predator removals in the Piceance study are finished. Ex. 1. A court decision concerning FWS's NEPA compliance in regard to funding the Piceance study therefore cannot provide any meaningful relief for Petitioners' alleged injuries stemming from CPW's temporary reduction in the number of bears and mountain lions in the Piceance study area. That reduction has already taken place; it can no longer be avoided.[2]

Petitioners also claim that they suffered "procedural injuries" because FWS allegedly "eliminated the public's ability to participate in and influence FWS's decision-making process."

---

[2] Respondents do not contend that Petitioners' NEPA challenge to FWS's decision to authorize federal funding for the Arkansas River study is moot. The Arkansas River study was scheduled to commence in the winter of 2016/2017 and to run for nine years. AR_2810.

ECF No. 28 at 17, *but see* ECF No. 31 at 20-22 (reflecting Petitioners' and the public's participation in the EA process).  But redressing Petitioners' alleged procedural harm at this point cannot provide effective relief.  Having a do-over of the NEPA process could not conceivably restore the bears and mountain lions killed during the Piceance study.  *See Sierra Club* v. *U.S. Army Corps of Eng.*, 277 F. App'x 170, 173 (3d Cir. 2008) (unpublished) (redressing procedural harms under NEPA would not conceivably restore wetlands).

Petitioners' alleged injuries are harms to their members' recreational and aesthetic interests that would result from the killing of black bears and mountain lions as part of CPW's research studies.  CPW's completion of the predator reduction phase of the Piceance study moots Petitioners' NEPA claims with regard to FWS's authorization of federal funding for that project.

Pursuant to D.C.COLO.LCivR. 7.1(a), undersigned counsel certifies that he made reasonable good faith efforts to confer with Petitioners' counsel.  Petitioners oppose this suggestion of mootness.

DATED at Denver, Colorado this 29th day of July, 2019.

JASON R. DUNN
United States Attorney

s/ Jasand Mock
***Jasand Mock***
Sarah Hunter Weiss
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone:  (303) 454-0100
Facsimile:  (303) 454-0404
jasand.mock@usdoj.gov
sarah.weiss@usdoj.gov
*Attorneys for the Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

asantarsiere@biologicaldiversity.org
lfriend@humanesociety.org
stuart.wilcox5@gmail.com

s/ Jasand Mock
*Jasand Mock*